IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MIGUEL RIVERA-BUGARIN,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**                       **Civil Case No. No. 15-01240-DRH**
                                      **Criminal Case No. 14-cr-30179-DRH**

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I.   INTRODUCTION

This matter is before the Court on petitioner Miguel Rivera-Bugarin's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also pending is Rivera-Bugarin's motion to proceed in *forma pauperis* (Doc. 2). Under Rule 4(b) of the RULES GOVERNING § 2255 PROCEEDINGS, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  A preliminary review of Rivera-Bugarin's motion shows that it must be dismissed.

## II.   BACKGROUND

Rivera-Bugarin, a citizen of Mexico, pleaded guilty to unlawful presence in the United States after removal, *see* 8 U.S.C. § 1326(a). Rivera-Bugarin was sentenced

to 84 months' imprisonment (Doc. 23) and judgment was entered on April 20, 2015 (Doc. 25). A notice of appeal was filed on April 22, 2015 (Doc. 27). On appeal, Rivera-Bugarin's appointed counsel asserted that the appeal was frivolous and sought leave to withdraw under *Anders v. California,* 386 U.S. 738 (1967). *See U.S. v. Rivera-Bugarin,* 2015 WL 6163203 (7th Cir. Oct. 20, 2015). Rivera-Bugarin's counsel submitted a brief explaining the nature of the case and addressing potential appellate issues. In reviewing counsel's brief, the Appellate Court considered and rejected several possible arguments related to Rivera-Bugarin's sentence, including whether the 84 month sentence was unreasonable. In assessing the reasonableness of the sentence, the Seventh Circuit concluded as follows:

> Finally, counsel considers arguing that Rivera–Bugarin's prison term is unreasonable. The 84–month term is within the guidelines range of 77 to 96 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v.. Ramirez–Fuentes*, 703 F.3d 1038, 1048–49 (7th Cir.2013). Counsel has not identified any reason to set aside that presumption, nor can we. The district court weighed the factors in 18 U.S.C. § 3553(a) and concluded that a within-guidelines sentence was appropriate.

*Id.* at *3. Ultimately, on October 21, 2015, the appellate Court granted counsel's motion to withdraw and dismissed the appeal.

### III.   ANALYSIS

Rivera-Bugarin filed this § 2255 petition on October 23, 2015. In it, he argues that (1) his sentence is unreasonable; (2) the Court and his attorney failed to advise him of his right to appeal; and (3) his attorney was ineffective in never informing him of the right to appeal. Rivera-Bugarin claims had he been properly informed, he would have timely appealed.

The claim that counsel failed to advise Rivera-Bugarin of his appellate rights is bellied by the fact that an appeal was filed on his behalf. *U.S. v. Rivera-Bugarin,* 2015 WL 6163203 (7th Cir. Oct. 20, 2015). Moreover, at sentencing, the undersigned judge advised Rivera-Bugarin of his right to appeal (Criminal Case Doc. 37 pp. 18-19). "A defendant who claims ineffective assistance of counsel due to his attorney's alleged failure to advise him of his appellate rights is not entitled to relief where the sentencing court has done so." *Smith v. United States*, 42 F.3d 1391 (7th Cir. 1994). Accordingly, the defendant's argument that he was not aware of his appellate rights is wholly unfounded and any related ineffective assistance of counsel claim is without merit.

To the extent Rivera-Bugarin asks the Court to vacate his sentence because it is unreasonable, the Seventh Circuit Court of Appeals squarely rejected that argument on direct appeal. Rivera-Bugarin has pointed to no changed circumstances of fact or law that warrant revisiting that issue. Thus, the Court declines to consider that argument in the present § 2255 petition. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007); *Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005).

For the foregoing reasons, Rivera-Bugarin's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

### IV.    CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A habeas petitioner is entitled to a certificate of

appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

Reasonable jurists would not debate that this petition is without merit. Therefore, the Court shall not issue a certificate of appealability.

## V.   CONCLUSION

For the aforementioned reasons, petitioner Rivera-Bugarin's 28 U.S.C. § 2255 petition (Doc. 1) is **DENIED**. The Court **DISMISSES** with prejudice this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Rivera-Bugarin's motion to proceed in *forma pauperis* (Doc. 2) is **DENIED** as **MOOT**. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 7th day of December, 2015

Digitally signed by Judge David R. Herndon
Date: 2015.12.07 15:09:09 -06'00'

**United States District Judge**